UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUZANNE V. WIRTZ,

                        Plaintiff,

                                                  CIVIL CASE NO. 05-40324

v.

FORD MOTOR COMPANY, et al.,           HONORABLE PAUL V. GADOLA
                                                    U.S. DISTRICT COURT
                        Defendants.
_____/

## **ORDER OVERRULING DEFENDANTS' OBJECTIONS AND ACCEPTING THE REPORT AND RECOMMENDATION**

Before the Court are Defendants' motion for summary judgment and the Report and Recommendation ("R&R") of United States Magistrate Judge Steven D. Pepe. In his Report and Recommendation, the Magistrate Judge recommended that the Court deny Defendants' motion for summary judgment. Defendants subsequently filed objections to the Report and Recommendation. For the reasons below, the Court overrules Defendants' objections, accepts the Report and Recommendation as the opinion of this Court, and denies the motion for summary judgment.

    **I.**    **Legal Standard**

The Court's standard of review for a Magistrate Judge's Report and Recommendation depends upon whether a party files objections. If a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party does object to portions of the Report and Recommendation, the Court reviews those portions de novo. *Lardie*, 221 F. Supp. 2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), which states, in relevant part:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3). Here, because Defendants filed objections, this Court reviews de novo those portions to which an objection has been made. *See Lardie*, 221 F. Supp. 2d. at 807.

De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie*, 221 F. Supp. 2d at 807. If the Court accepts a Report and Recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a de novo review of the record and adopts the Report and Recommendation. *See id.*; 12 Wright, Federal Practice § 3070.2.

**II.     Analysis**

This is a case brought pursuant to the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. Plaintiff alleges that Defendants unlawfully failed to accommodate Plaintiff's medical conditions at her job.

Plaintiff began working with Defendants in 1994 as an hourly employee on various automotive assembly lines. The last assembly line on which Plaintiff worked was the instrument panel line ("IP line"). Plaintiff suffers from various medical problems, including problems with

bladder control. Due to her condition, Plaintiff must be able to use the bathroom frequently and without delay. While assigned to work on the IP line, Plaintiff took bathroom breaks which increased in frequency and duration. On several occasions, Plaintiff's bathroom breaks stopped the assembly line when a replacement for Plaintiff could not be found. Defendants allege that they lost line production due to these delays.

Upon Defendants' request for further medical documentation of Plaintiff's condition, Plaintiff submitted a note from her physician stating that Plaintiff was required to use the bathroom "as needed." *See* Mot. Sum. Judg., exhibit F (docket entry #27). The chief physician at the plant employing Plaintiff reviewed Plaintiff's documentation and concluded that Plaintiff could not perform the essential functions of the IP line, because her medical condition would prevent Defendants from effectively operating the assembly line. On June 27, 2002, based on Plaintiff's restrictions and relatively low seniority, Plaintiff was placed on "no work available" status.

After Plaintiff filed suit against Defendants alleging a violation of the ADA, Defendants filed a motion for summary judgment and the motion was referred to Magistrate Judge Pepe. The Magistrate Judge recommended that the motion for summary judgment be denied. In making this recommendation, the Magistrate Judge found that (1) Plaintiff is able to adequately support her claim that she suffers from a disability under the ADA, and that (2) there is a genuine issue of material fact as to whether Plaintiff is qualified to work on the assembly line with a reasonable accommodation. Defendant filed objections to both findings of the Magistrate Judge.

The Magistrate Judge also found that Plaintiff had failed to make out a prima facie case of discrimination under the ADA in relation to her alleged infertility. Since Plaintiff has not objected to this portion of the Report and Recommendation, this portion is accepted by the Court and

3

therefore, Plaintiff is not permitted to proceed on her ADA claim under this theory.

### A. Whether Plaintiff is a disabled person within the meaning of the ADA

In this case, Plaintiff suffers from a uncurable medical condition which causes her to urinate frequently. The question is whether this impairment is one that rises to the level of disability, as understood by the terms of the ADA. The Magistrate Judge found that it was not possible to conclude as a matter of law that Plaintiff's impairment in controlling her bladder did not rise to the level of an ADA disability. In support of this finding, the Magistrate Judge relied on the Sixth Circuit Court of Appeals case entitled *Workman v. Frito Lay Inc.*, 165 F.3d 460 (6th Cir. 1999). In that case, the Court of Appeals ruled that a jury could have decided that "controlling one's bowels is a major life activity" and that the defendant's condition significantly restricted this life activity. *Id.* at 467. The Magistrate Judge found that Plaintiff's condition was similar to that of the defendant in *Workman*, and thus, as a matter of law, it cannot be said that Plaintiff does not suffer a disability under the ADA.

Defendants objected, arguing that the *Workman* case was not controlling or persuasive. After consideration of Defendants' objections, the Court overrules them. The *Workman* case was issued by the Sixth Circuit Court of Appeals and is controlling on this Court. The Court finds that the situation in *Workman* is sufficiently similar to that of Plaintiff. Controlling one's bladder is a major life activity, in a similar manner as controlling one's bowels. *See id.* Plaintiff's medical condition leaves her restricted in controlling her bladder when compared to an average person in the general population. When considering the particularities of Plaintiff's condition and when taking the facts in the light most favorable to Plaintiff, Plaintiff's medical condition does substantially limit her major life activity of controlling her bladder. Moreover, the several published and unpublished

4

cases from other districts cited by Defendants in arguing a contrary position are not sufficiently compelling to overcome this Court's reliance on the *Workman* case. Accordingly, at this summary judgment stage of litigation, the Court cannot say that as a matter of law, Plaintiff's frequent urination does not rise to the level of a substantial limitation of a major life activity. Plaintiff has adequately established that she suffers from a disability under the terms of the ADA.

### B. Whether Plaintiff is qualified to work on the assembly line with a reasonable accommodation

The second finding of the Magistrate Judge in the Report and Recommendation is that there is a genuine issue of material fact as to whether Plaintiff is qualified to work on the assembly line with a reasonable accommodation. Defendants objected to this finding, arguing that there is no reasonable accommodation which would allow to Plaintiff to continue to work on the assembly line and produce parts according to Defendants' production goals. Consequently, Defendants argue that Plaintiff cannot perform "the essential functions of the employment position," is not a "qualified individual," and therefore does not have a viable claim under the ADA. *See* 42 U.S.C. § 12111(8).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). In the instant case, the Court cannot find that there is no genuine issue of material fact and that as a matter of law, there is no possible reasonable accommodation for Plaintiff with her medical condition. There is a material dispute as to what are the essential functions of Plaintiff's position on the assembly line. There is a material dispute as to whether Plaintiff's continuous presence is necessary to the assembly position or whether using area supervisors or other employees to cover Plaintiff's bathroom breaks could be a reasonable accommodation. In short, there are genuine issues of material fact as to whether a reasonable

accommodation could permit Plaintiff to perform the essential functions of her job position. Summary judgment on this issue in favor of Defendants is improper.

### III. Conclusion

Accordingly, after having reviewed the Magistrate Judge's Report and Recommendation, Defendants' objections, and the applicable portions of the record, **IT IS HEREBY ORDERED** that Defendants' objections [docket entry #39] to the Report and Recommendation are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation [docket entry #38] is **ACCEPTED and ADOPTED** as the opinion of this Court. Consequently, **IT IS FURTHER ORDERED** that Defendants' motion for summary judgment [docket entry #27] is **DENIED**.

**SO ORDERED.**

Dated: February 28, 2008
s/Paul V. Gadola
HONORABLE PAUL V. GADOLA
UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   February 28, 2008  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
     John F. Birmingham, Jr.; Michael W. Groebe; Jeffrey S. Kopp; Jay A. Schwartz   , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                 .

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845

---